UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI

**FILED**

Aug 01 2024

ARTHUR JOHNSTON, CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

FRANKIE L. MCCANN                                                              PLAINTIFF

VERSUS                                          CIVIL ACTION NO. 2:23cv143-KS-MTP

CYNTHIA TERRELL, KEVIN
STEVENSON, and MIKE MOZINGO                                          DEFENDANTS

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court *sua sponte*.  *Pro se* Plaintiff Frankie L. McCann is

incarcerated with the Montana Department of Corrections, and he brings this action for damages,

challenging prior convictions and conditions of confinement in Mississippi.[1]  The Court has

considered and liberally construed the pleadings.  As set forth below, this case is dismissed.

### BACKGROUND

McCann is a prior convicted felon out of Wayne County, Mississippi.  Defendants are

current or former Wayne County Deputies Cynthia Terrell, Kevin Stevenson, and Mike

Mozingo.  McCann challenges his pretrial conditions of confinement and eventual convictions.

First, McCann asserts that Defendants caused him to be wrongfully convicted of statutory

rape in the Circuit Court of Wayne County.  Specifically, in 2010, McCann alleges he was

originally arrested, charged with statutory rape, and placed in the Wayne County Detention

Center in Waynesboro, Mississippi.  At the time, he claims he was seventeen years old.  He

alleges that Defendants forced a false confession from him by telling him he could go home if he

would just admit to touching the victim.  Instead, Defendants allegedly used the confession to

convict McCann, knowing he was innocent.  He additionally claims he was questioned without

---

[1] McCann's request for habeas relief was severed and opened in civil action number 2:24cv59, on April 12, 2024.

his parents or counsel, there was insufficient evidence, and there is no record he was competent to make the confession. Plaintiff further alleges that Terrell had a conflict of interest because she was related to him, did not like his father, and was friends with the complainant's mother. McCann was convicted in 2011 and sentenced to twenty years, with five to serve, followed by five years of probation. He was also ordered to register as a sex offender upon his release.

McCann next claims that, upon his release in 2015 from the Mississippi Department of Corrections, Terrell oversaw the sex offender registry. As such, he contends that she had his probation revoked "for working across state lines without permission" and had him convicted for failure to register as a sex offender because he had allegedly threatened to expose criminal behavior on her part. (Pl.'s Resp. [21] at 3). He claims he was innocent of the failure to register conviction as well.

Besides these convictions, McCann also challenges the conditions of his pretrial detention. He asserts that Terrell placed him in solitary confinement "for no reason," when he was a pretrial detainee. *Id.* at 1. This allegedly lasted for one week, and he claims he was without access to a phone or visitation. He contends this occurred sometime between March and July of 2011.

McCann filed this action on September 28, 2023, under 42 U.S.C. § 1983. He seeks damages for alleged wrongful convictions and for being placed in solitary confinement.

This is not the only time McCann has brought the same challenges to his statutory rape conviction in this Court. Two such challenges were *McCann v. Terrell* and *McCann v. Mozingo*. On October 13, 2023, he filed *Terrell*, civil action number 2:23cv154, raising the same § 1983 claims against his statutory rape conviction. *Terrell* was dismissed as barred by

2

the statute of limitations and *Heck v. Humphrey*, 512 U.S. 477 (1994). *McCann v. Terrell*, 2:23cv154 (S.D. Miss. May 2, 2024). On October 16, 2023, he filed *Mozingo*, cause number 2:23cv156, once again raising the identical challenges to his statutory rape conviction. *Mozingo* was dismissed as malicious, time-barred, and *Heck*-barred. *McCann v. Mozingo*, 2:23cv156 (S.D. Miss. May 2, 2024). McCann did not appeal these dismissals.

## DISCUSSION

The Prison Litigation Reform Act of 1996 applies to prisoners proceeding *in forma pauperis* in this Court. The statute provides in part, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under [28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted McCann to proceed *in forma pauperis* in this action. His Complaint is subject to *sua sponte* dismissal under § 1915.

McCann sues Defendants under § 1983 for the alleged wrongful statutory rape conviction. McCann additionally claims Terrell wrongfully placed him in solitary confinement

3

and caused him to be convicted of a probation violation and failure to register.

WRONGFUL CONVICTIONS

I.    STATUTORY RAPE

McCann once again claims Defendants wrongfully convicted him of statutory rape with a coerced his confession, made without his parents or counsel, and despite knowledge of his innocence, insufficient evidence, and a conflict of interest.

*Terrell* and *Mozingo* both recently held these claims were untimely, and in the alternative, were barred by *Heck*.   *Mozingo*, 2:23cv156 at 4; *Terrell II*, 2:23cv154 at 5.   "[I]n forma pauperis complaints may be dismissed as frivolous if they seek to relitigate claims that allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the plaintiff."   *Pittman v. Moore*, 980 F.2d 994, 994 (5th Cir. 1993).   A prisoner proceeding under § 1915 is not entitled "to avoid the ordinary rules of res judicata."   *Id.*   Were McCann to proceed on the merits of this case, he would be relitigating a claim already dismissed in *Terrell* and *Mozingo*, *i.e.*, whether Defendants caused him to be wrongfully convicted of statutory rape.   The Court finds this claim is frivolous, and it will be dismissed with prejudice.

II.    PROBATION VIOLATION AND FAILURE TO REGISTER

McCann next contends that Terrell had him convicted of a probation violation and of failure to register out of retaliation.   He further claims he was innocent of the latter conviction. A civil action that challenges the fact or duration of a state conviction or sentence "is barred (absent prior invalidation) . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration."   *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).   In

4

such a case, a "plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Where success on the claim "will not necessarily imply the invalidity of confinement or shorten its duration," then the action may proceed. *Wilkinson*, 544 U.S. at 82. This rule applies probation revocations as well. *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995).

Success on McCann's claims will necessarily invalidate his probation revocation and failure to register conviction. Therefore, the claims may only proceed if he proves these convictions have already been invalidated. He does not show that they were overturned.

Because the revocation and failure to register conviction have not yet been invalidated, McCann is precluded by *Heck* from challenging them in this civil action at this time. This case is dismissed with prejudice for failure to state a claim, until such time as he successfully has these two convictions invalidated, via appeal, post-conviction relief, habeas, or otherwise. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

SOLITARY CONFINEMENT

Finally, McCann sues Terrell for his time in solitary confinement, which occurred sometime between March and July, 2011. "Because no specified federal statute of limitations exists for § 1983 suits, federal courts borrow the forum state's general or residual personal-injury limitations period, which in Mississippi is three years." *Edmonds v. Oktibbeha County*, 675 F.3d 911, 916 (5th Cir. 2012) (citations omitted). Federal law, however, determines when the limitations period begins to accrue. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). These claims

began to accrue when McCann knew or reasonably should have known of his injury.  *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998).

Viewed in the light most favorable to McCann, this claim accrued as late as July 31, 2011.  He therefore had until July 31, 2014, at the latest, to file it.  However, he waited until September of 2023 to file this claim.  Unless the statute of limitations is tolled, this case is untimely.

The Court applies state tolling rules.  *Wallace,* 549 U.S. at 395.  First, McCann claims that he was seventeen years old in 2010.  As a minor, the statute of limitations would not begin to accrue on his claims until after he reaches 21, the age of majority in Mississippi.  Miss. Code Ann. § 15-1-59; *Hardin v. Straub*, 490 U.S. 536, 543 (1989) (applying state tolling statutes to § 1983); *Pollard v. Sherwin-Williams Co.*, 955 So. 2d 764, 770 (¶18) (Miss. 2007).  Accepting McCann's allegation as true, then he would not have reached the age of majority until 2014.  In that case, the statute of limitations was tolled until sometime in 2014 under the minor's savings statute, and he would have had until December 31, 2017, at the absolute latest, to file the present lawsuit.  This still does not account for the additional almost six years it took him to file the Complaint.

Second, McCann claimed he did not file the case any earlier because he was scared of Terrell until she was allegedly fired from her job as Deputy and supervisor of the sexual offender registry.  Notably, he does not provide a date as to when he was no longer scared.  In any event, this is insufficient to toll the statute of limitations.  *See*, Miss. Code Ann. §§ 15-1-57, 15-1-59, 15-1-67.  The solitary confinement claim is therefore untimely and is dismissed as legally frivolous under § 1915.  *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993).

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, this case is **DISMISSED**.   The claims for wrongful probation revocation and failure to register conviction are dismissed **WITH PREJUDICE** for failure to state a claim until such time as the revocation and failure to register conviction are invalidated.   The remainder is dismissed **WITH PREJUDICE** as frivolous.   A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 1st day of ~~July~~ August, 2024.

UNITED STATES DISTRICT JUDGE